IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                           No. CV 13-1152 WJ/LAM
                                CR 13-00192 WJ

GILBERTO CHAIREZ-ZAMORA,

      Defendant/Movant.

## ORDER DENYING WITHOUT PREJUDICE MOTION FOR A COURT ORDER THAT DEFENDANT/MOVANT WAIVED THE ATTORNEY-CLIENT PRIVILEGE

**THIS MATTER** is before the Court on the *United States' Motion Requesting the Court to Rule on the Waiver of the Attorney-Client Privilege Related to Defendant's Habeas Corpus Motion to Vacate and Set Aside Conviction Under 28 U.S.C. § 2255 and Memorandum in Support (Doc. 8)*, filed December 17, 2013. Having considered the motion and relevant law, the Court finds that the motion is not well-taken and should be **DENIED without prejudice**.

In its motion, the United States notes that it "intends to attach to its response to [Defendant/Movant]'s [§ 2255] motion, an affidavit from Ms. Jane Greek[, Defendant/Movant's counsel in his underlying criminal case,] addressing [Defendant/Movant]'s claim of ineffective assistance of counsel. However the United States is concerned that [Defendant/Movant]'s attorney-client privilege will be implicated absent an order from this Court permitting the disclosure of prior communications between Ms. Greek and [Defendant/Movant]." [*Doc. 8* at 1]. The United States asks the Court to enter an order finding that Defendant/Movant has waived his attorney-client privilege so that Ms. Greek may disclose communications relating to Defendant/Movant's claim of ineffective assistance of counsel. *Id.* at 4.

1

The Court finds that the United States has failed to show that an order finding that Defendant/Movant has waived his attorney-client privilege is necessary at this time.  The United States does not state that Defendant/Movant's counsel refuses to provide an affidavit addressing Defendant/Movant's ineffective assistance of counsel claims.  Instead, the United States' motion is based on the United States' concern about the attorney-client privilege between Defendant/Movant and Ms. Greek, and the United States fails to show that it is affected by or has an interest in any such privilege between those two parties.  The case upon which the United States relies for asking the Court to find that Defendant/Movant has waived his attorney-client privilege involves a situation where the United States moved the court for an order compelling the attorney's production of an affidavit, but only after the attorney had refused to do so on the basis of attorney-client privilege.  *See United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009).  The Court, therefore, finds that the United States' motion is premature and should be denied at this time.  If the United States finds it necessary to re-file the motion in the future because Defendant/Movant's counsel refuses to provide an affidavit absent an order from the Court, then the United States may do so at that time.

**IT IS THEREFORE ORDERED** that the *United States' Motion Requesting the Court to Rule on the Waiver of the Attorney-Client Privilege Related to Defendant's Habeas Corpus Motion to Vacate and Set Aside Conviction Under 28 U.S.C. § 2255 and Memorandum in Support (Doc. 8)* is **DENIED without prejudice**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**