IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                                     No. CV 13-1152 WJ/LAM
                                                       CR 13-00192 WJ

GILBERTO CHAIREZ-ZAMORA,

        Defendant/Movant.

### ORDER FINDING WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE

**THIS MATTER** is before the Court on the ***United States' Motion to Reconsider the Court's Order Denying Without Prejudice Motion For a Court Order That Defendant Waived the Attorney-Client Privilege*** *(Doc. 11)*, filed December 30, 2013.  Having considered the motion and relevant law, the Court construes the motion as a second motion for an order finding that Defendant/Movant had waived his attorney-client privilege, and finds that the motion should be **GRANTED**.

The Court previously entered an order denying without prejudice the United States' first motion to find that Defendant/Movant had waived his attorney-client privilege as to communications relating to Defendant/Movant's claim of ineffective assistance of counsel in his § 2255 motion, because the United States did not show that such an order was necessary at that time since Defendant/Movant's former counsel had not refused to provide an affidavit on the basis of attorney-client privilege.  *See* [*Doc. 10*] (denying without prejudice *Doc. 8*).  In the United States' motion to reconsider, the United States now states that it has contacted Defendant/Movant's former counsel requesting an affidavit and/or other documents responsive to

Defendant/Movant's ineffective assistance of counsel claim, and that Defendant/Movant's former counsel is unwilling to disclose those communications absent an order from the Court finding that the attorney-client privilege has been waived. [*Doc. 11*]. The United States, therefore, asks the Court to again find that Defendant/Movant has waived his attorney-client privilege regarding whether he was consulted by his former counsel, Ms. Greek, regarding any immigration consequences that may result from his decision to plead guilty. *Id.* at 2.

When a "motion to reconsider" is filed, the Court may consider it under Fed. R. Civ. P. 59(e) as a motion to alter or amend a ruling if the motion is filed within 28 days of the ruling it challenges. The Court considers a request for reconsideration under the following standard: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *The Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "[R]evisiting the issues already addressed is not the purpose of a motion to reconsider, and advancing new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed is likewise inappropriate." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation and internal quotation marks and brackets omitted). Because the United States could have contacted Defendant/Movant's former counsel prior to filing its first motion for an order finding that Defendant/Movant had waived his attorney-client privilege in order to find out if the entry of such an order was necessary, it is improper for the United States to ask this Court to "reconsider" its ruling. A party who fails to present its strongest case in the first instance is not entitled to a second chance in the form of a motion to reconsider. Instead, the United States should have filed a second motion for an order finding that Defendant/Movant had waived his attorney-client privilege, as the Court instructed it to do when it denied the United

States' first motion without prejudice.  *See* [*Doc. 10* at 2].   Nevertheless, the Court will construe this motion as a second motion for an order finding that Defendant/Movant had waived his attorney-client privilege.  Since the United States has now made the requisite showing and, in light of the analysis and holding in *United States v. Pinson*, 584 F.3d 972, 977-79 (10th Cir. 2009), the Court finds that, by claiming ineffective assistance of counsel in his § 2255 Motion, Defendant/Movant impliedly waived the attorney-client privilege with respect to these communications.  Furthermore, the Court enters this order without waiting for Defendant/Movant's response because, even if he opposes the motion, *Pinson* clearly directs that it be granted.

**IT IS THEREFORE ORDERED** that the *United States' Motion to Reconsider the Court's Order Denying Without Prejudice Motion For a Court Order That Defendant Waived the Attorney-Client Privilege (Doc. 11)* is construed as a second motion for an order finding that Defendant/Movant had waived his attorney-client privilege, and is **GRANTED**.  The Court hereby finds that Defendant/Movant waived his right to assert the attorney-client privilege with respect to whether he was consulted by his former counsel, Ms. Greek, regarding any immigration consequences that may result from his decision to plead guilty.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**